**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Friday, the 24th day of March, 2006.

Jerry Terrell Jackson,                                    Petitioner,

against    Record No. 042751

Warden of the Sussex I State Prison,           Respondent.

Upon a Petition for a Writ of Habeas Corpus

Upon consideration of the petition for a writ of habeas corpus filed January 4, 2005, the respondent's motion to dismiss, and the petitioner's reply to that motion, the Court is of the opinion that the motion should be granted and the writ should not be issued.

Jerry Terrell Jackson was convicted in the Circuit Court of the City of Williamsburg and James City County of one count each of statutory burglary, robbery, rape, petit larceny and two counts of capital murder for the premeditated killing of Ruth Phillips during the commission of a rape, and during the commission of a robbery. Finding that the Commonwealth had proven the aggravating factor of "future dangerousness" beyond a reasonable doubt, see Code § 19.2-264.2, the jury fixed Jackson's sentence at death on each of the capital murder convictions and fixed sentences totaling two life sentences plus 20 years' imprisonment and

1

12 months in jail for the non-capital convictions.  The trial court sentenced Jackson in accordance with the jury's verdict.  This Court unanimously affirmed Jackson's convictions and the sentences of death.  Jackson v. Commonwealth, 267 Va. 178, 208-09, 590 S.E.2d 520, 537 (2004), cert. denied, 543 U.S. 891 (2004).

In claim I(A), petitioner alleges that he was denied the effective assistance of counsel because counsel relied on impermissible and unreasonable factors in determining which questions to ask individual jurors during voir dire. Counsel did not ask four potential jurors, Lewis Samuels, Alfonso LaFalce, June Brown, and Joyce Griffith: (1) whether they believe death is the appropriate punishment for murder unless the defendant convinces them otherwise; (2) whether they believe everyone who commits murder will be dangerous in the future; and (3) whether they would automatically vote to impose death on a person they determined to be a future danger.  Petitioner contends that in determining not to pose these questions to these four potential jurors, counsel unreasonably relied on racial stereotypes, geographic stereotypes, and "tips" from the bailiff.  Petitioner further asserts that had counsel asked the questions, there was a reasonable probability that one

2

of the jurors would have revealed that he or she was unqualified to serve.

The Court holds that claim I(A) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcripts and affidavit of trial counsel, demonstrates that the court asked significant voir dire questions and the four jurors, along with other members of the venire, demonstrated that they would be fair and impartial. Counsel averred that, based upon the court's questioning and the information obtained as to each of the jurors, counsel made a strategic decision not to ask these jurors any additional questions. Furthermore, petitioner does not allege that any of these jurors were, in fact, unqualified or that any of these jurors failed to follow the instructions given to them by the trial court. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. See id. at 687, 694.

In claim I(B), petitioner alleges that he was denied the effective assistance of counsel because counsel violated the holding in Batson v. Kentucky, 476 U.S. 79

(1986) when he chose not to exercise a peremptory strike as to juror Holly Minkins because she was an African-American woman.  Petitioner acknowledges that counsel's decision to retain Minkins was a tactical decision but nevertheless contends that Minkins' answers during voir dire demonstrated that she was not qualified to serve on the jury.  Thus, counsel's decision to retain Minkins was unconstitutional because it was based solely on Minkins' race.  Petitioner further contends that counsel's failure to strike Minkins is presumptively prejudicial.  However, even if prejudice is not presumed, petitioner claims he can demonstrate prejudice because absent counsel's error, the composition of the jury would have been different. Petitioner argues that, in light of the scant evidence on the issue of premeditation and the fact that the jury conducted sentencing deliberations for two days, there is a reasonable probability that a difference in the jury composition would have resulted in a different outcome.

The Court holds that claim I(B) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland.  First, counsel's failure to strike Minkins is not a "structural error."  As this Court stated in Morrisette v. Warden of the Sussex I State Prison, 270 Va. 188, 613 S.E.2d 551 (2005):

4

A "structural error" is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." Arizona v. Fulminante, 499 U.S. 279, 310 (1991); see Emmett v. Warden, 269 Va. 164, 168, 609 S.E.2d 602, 605 (2005). As such, it is the constitutional magnitude of the error that defies "harmless error review." Neder v. United States, 527 U.S. 1, 8 (1999). Examples of errors which affect the framework of a trial include the denial of a public trial, the denial of counsel, the denial of an impartial trial judge, the systematic exclusion of members of the defendant's race from the grand jury, the infringement upon a defendant's right to represent himself, and the improper instruction to a jury as to reasonable doubt and the burden of proof. See Johnson v. United States, 520 U.S. 461, 466-67 (1997) (discussion of "limited class of cases" in which structural error found); Green v. Young, 264 Va. 604, 611-12, 571 S.E.2d 135, 140 (2002) (holding an instruction stating the jury shall find the defendant guilty if the Commonwealth failed to prove each element beyond a reasonable doubt to be structural error).

Id. at 192, 613 S.E.2d at 556. Thus, any prejudice is not presumed.

The record, including the trial transcript of the voir dire of Minkins, also demonstrates that Minkins was qualified to serve on the jury. The holding in Batson applies to the impermissible exclusion of members of a particular race from a jury pursuant to the exercise of a peremptory strike. 476 U.S. at 87-88. Petitioner has failed to demonstrate that counsel's tactical decision regarding the selection of jurors was of a constitutional dimension, as petitioner does not claim that counsel

5

excluded members of a particular race in violation of Batson. Furthermore, petitioner has failed to demonstrate that the empanelled jury was not impartial. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 687, 694.

In claim II(A), petitioner alleges that the trial court failed to ensure the selection of an impartial jury because the court did not inform the venire that the victim was 88 years old and did not inform the venire of "other circumstances of her life." Petitioner contends that without this information, the court could not determine whether the venire, which included several venire persons who were 65 and older, could be impartial. The Court holds that claim II(A) is procedurally defaulted because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus. Slayton v. Parrigan, 215 Va. 27, 29-30, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975).

In claim II(B), petitioner alleges that he was denied the effective assistance of counsel because counsel failed

6

to object to the inadequacy of the information given to the venire and failed to cure the trial court's error. Petitioner contends that the "facts" were undisputed and did not go to any element of any offense that was charged. Petitioner asserts that had counsel ensured that the victim's age and other circumstances were provided to the venire, there is a reasonable probability that one of the potential jurors would have revealed that he or she was unqualified.

The Court holds that claim II(B) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the trial transcripts, demonstrates that counsel asked the jurors whether any sorrow or sympathy they might feel towards the victim would affect their ability to judge the case fairly. Moreover, the court instructed the jurors, "You must not be influenced in any degree by any personal feeling of sympathy for or prejudice against any party."

Petitioner also fails to identify any information, other than the victim's age, that he contends should have been provided to the venire. Moreover, petitioner does not allege that he was actually denied an impartial jury or that any of the jurors seated would have been deemed unqualified to serve had the victim's age and other unknown

7

information been provided to them. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 687, 694.

In claim III, petitioner alleges that he was denied the effective assistance of counsel because counsel failed to adequately redact portions of the videotaped police interrogation of the petitioner and failed to adequately redact portions of the interrogation transcript. Petitioner contends that counsel failed to redact references to home burglaries, suspicion that petitioner "hung out with" drug dealers, petitioner's heavy consumption of alcoholic beverages, petitioner's confession to a break-in at the victim's apartment complex the night prior to the victim's murder, and police suspicion that petitioner had committed an unrelated rape. Petitioner further contends that counsel's performance was "explosively prejudicial" because there was a reasonable probability that "the jurors found [him] guilty of capital murder because of his prior crimes."

The Court holds that claim III satisfies neither the "performance" nor the "prejudice" prong of the two-part

8

test enunciated in Strickland. The record, including the trial transcripts, demonstrates that petitioner's counsel, Patrick D. Kelley, reviewed the videotape, provided the Commonwealth with proposed redactions prior to opening statements, discussed the proposed redactions on the record prior to the videotape being introduced into evidence, and finally agreed to a satisfactory redacted version. The record further demonstrates that petitioner's other counsel, Andrew A. Protogyrou, reviewed the transcript and objected to the use of the transcript. Furthermore, the unredacted portions of the videotape support the petitioner's theory of defense that he was a burglar, not a rapist or a murderer, and that he did not intend to commit murder when he entered the victim's apartment. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 687, 694.

In claim IV(A), petitioner alleges that the Commonwealth failed to disclose the exculpatory information that Alex Meekins and Jasper Meekins are only half brothers and falsely argued that because mitochondrial DNA (mtDNA) analysis evidence excluded Alex as a contributor of the

9

hairs found on the victim's body, Jasper was also excluded. Petitioner contends that if Alex and Jasper are not from the same maternal line, they would have different mtDNA, and the exclusion of Alex would have provided no meaningful information about Jasper. The Court holds that claim IV(A) is procedurally defaulted. Petitioner concedes that Andrew Protogyrou's trial notes confirm that trial counsel were aware that Alex and Jasper were half brothers. Furthermore, Alex Meekins had been subpoenaed to appear at trial and could have verified his lineage. Thus, the allegedly exculpatory information concerning both Meekins' parental history was available to petitioner at trial. Because this non-jurisdictional issue could have been raised at trial and on direct appeal, it is not cognizable in a petition for a writ of habeas corpus. Slayton, 215 Va. at 29-30, 205 S.E.2d at 682.

In claim IV(B), petitioner alleges that he was denied the effective assistance of counsel because counsel unreasonably failed to investigate and to inform the jury that Alex and Jasper Meekins are only half brothers. Petitioner contends that counsel should have called Alex to testify that he and Jasper were half brothers and should have sought DNA testing of Jasper. Petitioner asserts that counsel's errors

10

prevented counsel from arguing that another person raped and killed the victim after petitioner left. Thus, petitioner contends that he was prejudiced because the jury was left with an impression that petitioner was the only person that could have left the pubic hairs found on the victim's body.

The Court holds that claim IV(B) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including expert testimony at trial and the certificates of analysis entered into evidence, demonstrates that mtDNA testing excluded Alex Meekins as a contributor of the pubic hairs found on the victim's body and in her bed. According to the expert testimony presented at trial, mtDNA is shared, identically, by a mother and her offspring. Juvenile records, submitted by the Warden in this proceeding, for both Alex and Jasper Meekins demonstrate that the brothers share the same mother. Consequently, petitioner's claim that Jasper would have different mtDNA than his half brother is factually without merit.

The record further demonstrates that petitioner admitted to raping the victim and that mtDNA testing

11

of the pubic hairs found on the victim were determined to be consistent with the petitioner's mtDNA to the exclusion of 99.998% of the population with a 95% degree of confidence. In light of the petitioner's confessions to police and counsel's theory that the killing was accidental, counsel engaged in sound trial strategy when they chose not to argue that some unidentified individual killed the victim. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 687, 694.

In claim V(A), petitioner alleges that the prosecutor improperly used demonstrative evidence in his closing argument when he impermissibly demonstrated the manner in which petitioner held the pillow down over the victim. Petitioner contends that the prosecutor's demonstration was improper because no evidence was presented at trial to prove petitioner pressed the pillow down continuously with both hands, at a steep angle, with force, or "with [a] single-minded fixation." The Court holds that claim V(A) is barred because this issue was raised and decided on direct appeal from the criminal convictions, and therefore,

12

it cannot be raised on habeas corpus. <u>Henry v. Warden</u>, 265 Va. 246, 249, 576 S.E.2d 495, 496-97 (2003).

In claim V(B), petitioner alleges that he was denied the effective assistance of counsel because counsel unreasonably failed to raise an appropriate objection to the pillow demonstration and failed to request a curative instruction. Although petitioner does not dispute the prosecutor's right to use the pillow to demonstrate the passage of time necessary to cause death by suffocation, petitioner claims the prosecutor was not permitted to "present a concocted portrayal" of the petitioner's conduct. Petitioner contends that had counsel objected to the prosecutor's improper demonstration, there is a reasonable probability that the jury would not have unanimously found that the killing was willful.

The Court holds that claim V(B) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in <u>Strickland</u>. On direct appeal, this Court reviewed the record of petitioner's trial and held that "the Commonwealth's demonstration did not distort the evidence concerning the manner of Mrs. Phillips' death." <u>Jackson</u>, 267 Va. at 203, 590 S.E.2d at 534. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable

13

probability that, but for counsel's alleged errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 687, 694.

In a portion of claim VI(A), petitioner alleges that he was denied the effective assistance of counsel because counsel unreasonably failed to object to the substance of Richard Phillips' testimony during the penalty phase of the trial. Following his testimony during the guilt phase, Richard Phillips, the victim's son, was permitted to remain in the courtroom. At that time, the prosecutor stated that he did not intend to have Mr. Phillips testify again. The trial court allowed Mr. Phillips to testify a second time, however, during the sentencing phase and over counsel's objection, finding that Mr. Phillips did not hear anything "during the trial on guilt or innocence that would change his [victim impact] testimony." Petitioner contends that the content of Mr. Phillips' testimony was, in fact, altered by what he had heard during the guilt phase of the trial and that counsel should have objected when Mr. Phillips commented how impressed he was with the jury process and that he could not imagine how the jurors could listen to something that would remain with them all of their lives.

14

The Court holds that this portion of claim VI(A) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. In petitioner's direct appeal, this Court held that, pursuant to Code § 19.2-265.01, the trial court did not abuse its discretion by allowing Mr. Phillips to testify during the penalty phase even though he had remained in the courtroom after his guilt phase testimony. Jackson, 267 Va. at 205, 590 S.E.2d at 535. This Court noted that Mr. Phillips did not learn anything that affected his victim impact testimony and held that the defendant was not prejudiced by Mr. Phillips' penalty phase testimony. Id.

In his petition for a writ of habeas corpus, the petitioner has presented Mr. Phillips' comments about the jury process in an incomplete fashion. When considered in context, Mr. Phillips' comments were not comments on evidence he heard as to petitioner's guilt, were not objectionable, and were not prejudicial. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 687, 694.

15

In another portion of claim VI(A), petitioner alleges that he was denied the effective assistance of counsel because counsel failed to object to the exclusion of Jackson's family from the courtroom during the guilt phase. Since Jackson's family members were expected to testify during the penalty phase, the trial court excluded petitioner's family from the courtroom during the guilt phase. Petitioner claims that counsel's failure to object sent a false message that petitioner's family did not care enough to be with petitioner during his trial.

The Court holds that this portion of claim VI(A) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. Petitioner cannot demonstrate that an objection would have been successful because Code § 19.2-265.01 does not provide an exemption that would have allowed petitioner's family members to remain in the courtroom during the guilt phase of the trial and later testify at the penalty phase. In addition, petitioner has not alleged that any juror actually believed his family "did not care" or that the presence of any members of his family during trial would have affected the jury's determination. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that,

16

but for counsel's alleged errors, the result of the proceeding would have been different.  See Strickland, 466 U.S. at 687, 694.

In claim VI(B), petitioner alleges that he was denied the effective assistance of counsel because counsel unreasonably failed to object to Mr. Phillips' testimony at the post-verdict sentencing hearing held before the trial court on April 3, 2003 pursuant to Code § 19.2-264.5. Petitioner claims counsel should have objected that Mr. Phillips' testimony exceeded the scope of permissible victim impact evidence and improperly referred to petitioner's other crimes.

The Court holds that claim VI(B) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland.  The limitations and requirements relating to victim impact evidence do not apply at the post-verdict sentencing hearing and the trial court has the discretion to determine the admissibility of such evidence.  Remington v. Commonwealth, 262 Va. 333, 354-55, 551 S.E.2d 620, 633 (2001), cert. denied, 535 U.S. 1062 (2002).  Moreover, evidence regarding the other crimes to which Mr. Phillips briefly referred had been admitted into evidence during the guilt and penalty phases of the trial.  Therefore, petitioner fails to demonstrate that

17

counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.  See Strickland, 466 U.S. at 687.

In claim VI(C), and in a portion of claim VI(D), petitioner alleges that he was denied the effective assistance of counsel because counsel unreasonably failed to object to additional, cumulative victim impact evidence presented by Richard Phillips at the post-verdict sentencing hearing.  The Court holds that claim VI(C) and this portion of claim VI(D) satisfy neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland.  Petitioner argues that the victim does not have a statutory "right" to testify at the post-verdict sentencing hearing; however, he does not provide any authority for his claim that victim impact testimony during the post-verdict sentencing hearing is impermissible.  Furthermore, petitioner does not attempt to demonstrate how the cumulative nature of the evidence prejudiced him during the post-verdict sentencing proceeding.

As opposed to the jury's sentencing role, see Code § 19.2-264.4, in a post-verdict sentencing proceeding, the trial court's role is to determine whether good cause

18

exists to reduce a jury's verdict of death. Code § 19.2-264.5. The record, including the transcripts of petitioner's trial and sentencing hearings, demonstrates that the trial court exercised its discretion to determine the relevance and admissibility of the evidence and that the trial court's sentence of death was based upon that court's consideration of the evidence in mitigation and aggravation, including petitioner's significant criminal history. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 687, 694.

In another portion of claim VI(D), petitioner alleges he was denied the effective assistance of counsel because the jury was permitted to hear victim impact evidence from Mr. Phillips twice. Petitioner contends that there is a reasonable probability that if defense counsel had properly objected to Mr. Phillips' second testimony during the penalty phase at least one juror would have held out for a life sentence.

The Court holds that this portion of claim VI(D) is without merit. The record, including the guilt and penalty phase transcripts, demonstrates that Mr. Phillips guilt

19

phase testimony was factual testimony concerning the circumstances surrounding his discovery of his mother's body and did not constitute "victim impact evidence." Thus, the jury did not twice hear victim impact evidence from Mr. Phillips.

In another portion of claim VI(D), petitioner alleges counsel's failure to object to victim impact evidence at the sentencing phase and at the post-verdict sentencing hearing cumulatively prejudiced petitioner. The Court holds that this portion of claim VI(D) is without merit. "Having rejected each of petitioner's individual claims, there is no support for the proposition that such actions when considered collectively have deprived petitioner of his constitutional right to effective assistance of counsel." Lenz v. Warden of the Sussex I State Prison, 267 Va. 318, 340, 593 S.E.2d 292, 305 (2004).

In claim VII(A)(1), petitioner alleges that he was denied the effective assistance of counsel because counsel failed to adequately investigate and present available mitigation evidence concerning his childhood abuse, in particular, testimony from petitioner's siblings. Petitioner contends that it is unreasonable to believe that petitioner's parents, as the alleged abusers, would have offered substantial evidence of child abuse, and yet

counsel called only petitioner's parents to testify as to this issue.  Petitioner has attached several affidavits to his petition for a writ of habeas corpus in support of his contention that counsel should have called additional witnesses to testify as to this issue.  Petitioner contends that counsel's failure to elicit testimony on this issue from other sources prevented the jury from hearing "how or why Jackson's abusive childhood extenuated his moral culpability."

The Court holds that claim VII(A)(1) does not satisfy the "prejudice" prong of the two-part test enunciated in Strickland.  The record, including the guilt and penalty phase transcripts and the affidavit of trial counsel, demonstrates that counsel presented ample evidence, including the testimony of physicians, psychologists, social workers, and a pastor who had treated, evaluated, and/or counseled petitioner and his family, to substantiate that petitioner was the victim of child abuse.  This evidence included information that petitioner's stepfather received a suspended jail sentence for physically abusing petitioner; hospital and doctor's office records indicating petitioner had been physically disciplined with a belt resulting in lasting bruises; records that petitioner had suffered various fractures of unknown origin to his

21

extremities; that petitioner often appeared bruised; that reports of abuse were made to the James City County Department of Social Services and that twice the abuse was determined to be "founded;" that petitioner was allowed to drink beer as a young child; that petitioner and his stepfather had a bad relationship and that, even during counseling, petitioner's stepfather constantly berated petitioner by calling petitioner "evil;" that petitioner's "problems were compounded by the weakness of [his] parental subsystem" and lack of "material resources" which required petitioner to be left unsupervised; that petitioner's family did not follow through with counseling or recommendations; and that on at least one occasion, petitioner had been sexually abused. In addition, counsel elicited testimony from the police officer who investigated the charges of child abuse against petitioner's stepfather and from several of petitioner's neighbors, friends, and family members, including his mother, father, and stepfather.

The evidence that petitioner contends counsel should have presented is largely cumulative of that considered by the jury. The only new information proffered by petitioner consists of anecdotal evidence of specific instances of the abuse from the perspective of petitioner's siblings. The

22

affidavit of trial counsel demonstrates that counsel made a strategic decision not to call petitioner's brother, Damien Jackson, to testify because Damien's successful transition from the abusive environment into a military career would have diminished the mitigating effect of petitioner's abusive upbringing. Counsel were aware of the child abuse suffered by the petitioner when counsel decided not to call Damien as a witness. Nothing in the record demonstrates that counsel's decision would have been altered by knowing the specific details of the abuse that petitioner's siblings now provide. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 687, 694.

In claim VII(A)(2), petitioner alleges that he was denied the effective assistance of counsel because counsel failed to adequately investigate and present available mitigation evidence concerning his good character. Petitioner contends that Marie Simons, petitioner's girlfriend, and Constance Howard, another friend, were available to testify as character witnesses and would have testified that petitioner was a good man who was kind, had dreams and aspirations, and was devoted to his grandmother.

23

Petitioner further contends that, as a result of counsel's failure to call these witnesses, the jurors did not hear testimony that Jackson responded in a positive manner when he was not living in a traumatic and threatening environment, and had the jurors heard this information, the jury may have returned a verdict of life imprisonment.

The Court holds that claim VII(A)(2) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the transcript of the sentencing phase, demonstrates that the jury heard evidence of petitioner's good qualities, including evidence that petitioner was well-mannered and cooperative, followed directions, was motivated and ambitious, and had positive relationships outside of his immediate family environment. In addition, counsel elicited testimony that despite two particularized incidents, petitioner had adjusted positively to confinement. Petitioner has not attempted to demonstrate how additional evidence of his good character, such as his love for his grandmother and his desire that his parents reunite, would have affected the jury's determination. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the

24

result of the proceeding would have been different.  See Strickland, 466 U.S. at 687, 694.

In claim VIII(A), the petitioner claims that jurors Wendy Berube and Dana Metheny indicated that they would not consider age and background as mitigation evidence unless the trial court instructed them to do so.  Petitioner contends that both jurors were not qualified to sit because the court failed to give such an instruction or to excuse them.  The Court holds that claim VIII(A) is procedurally defaulted because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus. Slayton, 215 Va. at 29-30, 205 S.E.2d at 682.

In claim VIII(B), petitioner alleges that he was denied the effective assistance of counsel because counsel unreasonably failed to request the trial court to give the necessary instruction regarding age and background as mitigation evidence, failed to object when the court did not give the instruction, and failed to move to dismiss jurors Berube and Metheny as unqualified.  Petitioner further claims that prejudice is presumed under these circumstances and that if the jurors had been given the necessary instruction, there is a reasonable probability

that one of the jurors would have voted for a life sentence.

The Court holds that claim VIII(B) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. Petitioner's contention that qualification of these jurors was "conditioned" upon the giving of a specific instruction is not supported in fact or in law. Both jurors were qualified upon the trial court's determination that they would be fair and impartial. Petitioner is unable to establish that counsel's failure to seek the particular instruction at issue was unreasonable because an instruction emphasizing individual mitigating factors would have been properly refused. George v. Commonwealth, 242 Va. 264, 283, 411 S.E.2d 12, 23 (1991); LeVasseur v. Commonwealth, 225 Va. 564, 595, 304 S.E.2d 644, 661 (1983). Furthermore, the record demonstrates that the jury was instructed to consider petitioner's history, background, and mitigating factors in determining whether petitioner posed a future danger to society and, if so, whether to impose a sentence of life imprisonment or death. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding

26

would have been different.  See Strickland, 466 U.S. at 687, 694.

In claim VIII(C), petitioner alleges that the prosecutor engaged in "misconduct" by failing to ensure Berube remained qualified.  Petitioner contends that because the prosecutor opposed counsel's motion to strike Berube, arguing that she would be qualified if instructed to consider petitioner's age and background in mitigation, the prosecutor had a duty to ensure that Berube received the instruction.  The Court holds that claim VIII(C) is procedurally defaulted because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus.  Slayton, 215 Va. at 29-30, 205 S.E.2d at 682.

In claim IX(A), petitioner alleges that the penalty phase instructions interfered with the jurors' ability to give full effect to mitigating evidence.  Petitioner contends that his right to a reliable determination of punishment was violated by the trial court's instruction that "[a]ny decision you make regarding punishment must be unanimous" and the court's failure to instruct jurors that their findings on mitigation did not have to be unanimous. The Court holds that claim IX(A) is procedurally defaulted

27

because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus. Id.

In claim IX(B), petitioner alleges that he was denied the effective assistance of counsel because counsel failed to request an instruction stating that findings regarding mitigating factors did not have to be unanimous. Petitioner alleges that counsel should have objected when the trial court instructed the jurors that they had to be unanimous in their decision regarding punishment and should have argued that the Constitution required the trial court to instruct the jurors that their determination of mitigating factors did not have to be unanimous. Petitioner contends that if the jurors had known that they did not have to be unanimous as to the mitigating factors, there is a reasonable probability that at least one juror would have held out for a life sentence.

The Court holds that claim IX(B) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. "[T]he Virginia sentencing scheme does not require juries to make findings as to specific mitigating factors. Instead, juries are instructed to consider all possible mitigating circumstances before rendering their sentence decision."

28

Roach v. Angelone, 176 F.3d 210, 223 (4th Cir. 1999). In this case, the trial court instructed the jury to "consider any mitigation evidence presented of circumstances which do not justify or excuse the offense but which in fairness or mercy may extenuate or reduce the degree of moral culpability and punishment." The trial court's instruction that the jury's decision regarding punishment must be unanimous did not preclude the jury from considering mitigating evidence. Id. Counsel are not unreasonable for failing to request an instruction that was not necessary or required. Joseph v. Commonwealth, 249 Va. 78, 90-91, 452 S.E.2d 862, 870 (1995). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 687, 694.

In claim X(A), petitioner alleges that the verdict forms were defective because they did not state that life imprisonment meant life imprisonment "without the possibility of parole." Petitioner concedes that jurors were twice instructed that life imprisonment meant life without the possibility of parole, but, nonetheless, contends that the verdict forms denied him the right to due

29

process of law and a fair trial. The Court holds that claim X(A) is procedurally defaulted because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus. Slayton, 215 Va. at 29-30, 205 S.E.2d at 682.

In claim X(B), petitioner alleges that he was denied the effective assistance of counsel because counsel unreasonably failed to object to the verdict forms on the grounds that they did not contain the language qualifying the definition of life imprisonment as life without the possibility of parole. The Court holds that claim X(B) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record demonstrates, and petitioner concedes, that the jury was properly instructed that "imprisonment for life" meant "imprisonment for life without the possibility of parole." As required by statute, the verdict forms included all the requisite options. Code § 19.2-264.4; Morrisette, 270 Va. at 202-03, 613 S.E.2d at 562. There is no requirement that a verdict form contain the instruction that imprisonment for life means "imprisonment for life without the possibility of parole." Lenz, 267 Va. at 324 n.1, 593 S.E.2d at 295 n.1. Thus, counsel's failure to make a

30

meritless objection was not deficient, and petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.  See Strickland, 466 U.S. at 687, 694.

In claim XI(A), petitioner alleges that the prosecutor's argument improperly nullified the effect of petitioner's mitigation evidence.  The Court holds that claim XI(A) is procedurally defaulted because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus.  Slayton, 215 Va. at 29-30, 205 S.E.2d at 682.

In claim XI(B), petitioner alleges that he was denied the effective assistance of counsel because counsel unreasonably failed to object to the prosecutor's argument regarding the mitigation evidence.  Petitioner contends that the prosecutor improperly nullified the mitigation evidence when he argued that petitioner and his brother grew up in the same environment and petitioner's brother "corrected himself," inferring that petitioner also could have overcome his adverse childhood environment if he had wanted to do so.  Petitioner further contends that counsel unreasonably failed to investigate his brother's

circumstances and was, therefore, unprepared to rebut the prosecutor's argument. Petitioner claims that there is a reasonable probability that had counsel been prepared to object to or rebut the prosecutor's argument, the jurors would have given full consideration to the mitigation evidence and at least one juror would have voted for life.

The Court holds that claim XI(B) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the trial transcript, demonstrates that the prosecutor merely reminded the jurors of the evidence that petitioner's brother had overcome his childhood environment, while petitioner did not. The prosecutor has "a right to combat, and to argue the evidence and the fair inferences from it with respect both to the defendant's guilt and to a fitting punishment." Martinez v. Commonwealth, 241 Va. 557, 559-60, 403 S.E.2d 358, 359 (1991), (quoting Jackson v. Commonwealth, 193 Va. 664, 70 S.E.2d 322 (1952)). The affidavit of counsel demonstrates that counsel, aware that petitioner's brother had a successful adult life, chose not to subpoena the brother in order to minimize the contrast between the brother and petitioner. Moreover, petitioner has failed to establish that the jurors did not give the mitigation evidence full effect despite the prosecutor's

32

argument.  Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.  See Strickland, 466 U.S. at 687, 694.

In claim XII(A), petitioner alleges that this Court unreasonably and erroneously induced counsel to withdraw on direct appeal his Assignment of Error Number Eight, which stated that "[t]he trial court erred in denying defendant's motion to dismiss capital murder indictment for failure to allege aggravating elements."  Petitioner contends that this Court violated his rights to due process and the effective assistance of counsel when it improperly elicited a withdrawal of Assignment of Error Number Eight during oral argument, and when the Court, thereafter, failed to address the Assignment of Error in its opinion.  The Court holds that claim XII(A) is procedurally defaulted because this non-jurisdictional issue could have been raised in a petition for rehearing and, thus, is not cognizable in a petition for a writ of habeas corpus.  Slayton, 215 Va. at 29-30, 205 S.E.2d at 682.

In claim XII(B), petitioner alleges that he was denied the effective assistance of counsel because counsel unreasonably withdrew Assignment of Error Number Eight and

33

unreasonably failed to correct his error.  Petitioner contends that counsel was unfamiliar with the contents of the petition for appeal and was therefore unprepared to adequately argue that petitioner actually had made an argument for Assignment of Error Number Eight.  Petitioner further contends that had counsel not waived this issue, the Court would have ruled in petitioner's favor and petitioner would have prevailed on appeal.

The Court holds that claim XII(B) fails to satisfy the "prejudice" prong of the two-part test enunciated in Strickland.  Even if counsel had properly preserved this assignment of error, there is not a reasonable probability that the result of the appeal would have been any different.  Petitioner asserted in Assignment of Error Number Eight that "[t]he trial court erred in denying defendant's motion to dismiss capital murder indictment for failure to allege aggravating elements."  There is no constitutional requirement that a capital murder indictment include allegations concerning aggravating factors.  Ring v. Arizona, 536 U.S. 584, 597 n.4 (2002)(noting that the Fourteenth Amendment has not been construed to include the Fifth Amendment right to "presentment or indictment of a Grand Jury"); Apprendi v. New Jersey, 530 U.S. 466, 477 n.3 (2000).

Furthermore, this Court has held that a defendant charged with capital murder is not entitled to a bill of particulars delineating the Commonwealth's intended aggravating factors when the indictment specifying the crime gives the defendant notice of the nature and character of the offense charged.  Roach v. Commonwealth, 251 Va. 324, 340, 468 S.E.2d 98, 107 (1996).  The indictment in this case gave petitioner notice of the nature and character of the offense.  Thus, the trial court correctly denied counsel's motion to dismiss the indictment and counsel cannot be held ineffective for withdrawing, even unintentionally, a frivolous argument.  Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.  See Strickland, 466 U.S. at 687, 694.

In claim XIII, petitioner alleges that he was denied the effective assistance of counsel because counsel unreasonably waived Assignment of Error Number Seven on direct appeal.  Assignment of Error Number Seven alleged, "[t]he trial court erred in denying defendant's motion to transfer venue."  Counsel waived arguing this assignment of error in favor of raising the venue issue in conjunction with the appellate argument that petitioner's sentence was

the result of passion and prejudice.  Petitioner further contends that had counsel not waived this assignment of error, there is a reasonable probability that the result of the appeal would have been different.

The Court holds that claim XIII satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland.  The record demonstrates that counsel's decision to argue venue as part of the prejudice and passion argument was a matter of appellate strategy.  "[T]he process of 'winnowing out weaker claims on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective . . . advocacy."  Burger v. Kemp, 483 U.S. 776, 784 (1987); see also Smith v. Murray, 477 U.S. 527, 536 (1986) (what claims to raise on appeal, and how to raise them, are matters entrusted to the discretion of appellate counsel).  Furthermore, this Court noted that the trial court was able to seat a jury with relative ease.  Jackson, 267 Va. at 207 n.8, 590 S.E.2d at 537 n.8.  The ease with which a jury is selected is a critical element in determining whether venue is proper.  Jackson, 267 Va. at 207 n.8, 590 S.E.2d at 537 n.8; Thomas v. Commonwealth, 263 Va. 216, 231, 559 S.E.2d 652, 660 (2002).  Thus, petitioner has failed to demonstrate that counsel's performance was

deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.  See Strickland, 466 U.S. at 687, 694.

In claim XIV, petitioner alleges that the cumulative character of counsel's performance and resulting prejudicial impact deprived him of his constitutionally guaranteed assistance of counsel.  The Court holds that claim XIV is without merit.  As addressed previously, petitioner has failed to demonstrate that counsel's performance was deficient or that petitioner suffered prejudice as a result of counsel's alleged errors.  "Having rejected each of petitioner's individual claims, there is no support for the proposition that such actions when considered collectively have deprived petitioner of his constitutional right to effective assistance of counsel." Lenz, 267 Va. at 340, 593 S.E.2d at 305.

Accordingly, the petition is dismissed.

This order shall be published in the Virginia Reports.

A Copy,


Teste:

Patricia L. Harrington, Clerk

37